United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-20201** |
| HERITAGE HOTELS | § | |
| ROCKPORT LLC, | § | **CHAPTER 11** |
| | § | |
| Debtor. | § | |
| | § | |
| HERITAGE HOTELS | § | |
| ROCKPORT LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-2007** |
| | § | |
| JON K TAKATA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION ON DAMAGES

On February 27, 2026, the Court entered its Memorandum Opinion, consisting of its findings of fact and conclusions of law. ECF No. 51. The Court then held a hearing on attorney's fees under both contracts. This document consists of the Court's calculation of damages.

Restoration Management Company ("RMC") prevailed under the Emergency Services Agreement (the "ESA"). Heritage Hotels Rockport LLC prevailed under the Time and Materials Agreement.

Judgment will be issued in favor of RMC equal to the difference between the two damages awards.

## I.    EMERGENCY SERVICES AGREEMENT

RMC is the prevailing party in the dispute governed by the ESA. RMC is awarded $804,888.54 in actual damages (including interest and

other charges) and $199,338.73 in attorney's fees and expenses, for total recovery of $1,004,227.27.

The ESA provides:

Interest shall accrue at the rate of 10% per year for all invoices not paid within 30 days from date of invoice. In addition, Customer shall pay an administration service charge of 5% on all invoices not paid within the same 30-day period. Customer agrees to pay attorney's fees, collection costs, litigation and arbitration costs, and expert fees incurred by Contractor to collect past due sums.

ECF No. 13-2 at 1.

Under Texas law, the prevailing party is entitled to prejudgment interest. *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003). "If an interest rate is specified in a contract, then the pre-judgment interest accrues in accordance with § 304.002 of the Texas Finance Code." *Branch Banking & Tr. Co. v. Re Rez L.P.*, No. 4:19-cv-630, 2021 WL 863766, at *9 (E.D. Tex. Jan. 8, 2021), *report and recommendation adopted*, No. 4:19-cv-630, 2021 WL 857937 (E.D. Tex. Mar. 5, 2021). Under TEX. FIN. CODE § 304.002, post-judgment interest rate (and thus pre-judgment interest rate) is the lesser of the contract interest rate or 18% a year. *2017 Yale Dev. LLC v. Holtzapple Neal Props. Grp. LLC*, No. 01-23-00305-CV, 2025 WL 1225107, at *8 (Tex. App.—Houston Apr. 29, 2025); *see also Gulf Coast Limestone, Inc. v. Pontchartrain Partners, LLC*, No. 23-2831, 2024 WL 4008098, at *3 (S.D. Tex. Aug. 29, 2024) (applying TEX. FIN. CODE § 304.002 to determine pre-judgment interest in a breach of contract case). Because the rate in the contract is lower than 18% a year, the contract interest rate applies. It is calculated as simple interest. *Cumberland cas. & Sur. Co v. Nkwazi, L.L.C.*, No. 03-02-00270-CV, 2003 WL 21354608, at *6 (Tex App.—Austin June 12, 2003) (holding that pre-judgment interest is calculated as simple interest).

The breakdown is as follows:

| Unpaid Invoice Amount | $439,895.66[1] |
|---|---|
| 5% Administrative Service Charge[2] | $21,994.78 |
| 10% Contract Interest[3] | $342,998.10[4] |
| **Total Amount Before Fees and Costs** | **$804,888.54** |

### A.    Attorney's Fees and Costs

RMC expended $797,354.90 for attorney's fees and costs in this adversary proceeding.  ECF No. 60-1 at 4.  Of that amount, RMC seeks attorney's fees in the amount of $558,000.00 in connection with the ESA portion of the dispute.  ECF No. 60-1 at 4.

Under the ESA, the "Customer agrees to pay attorney's fees, collection costs, litigation and arbitration costs, and expert fees incurred by Contractor to collect past due sums."  ECF No. 13-2 at 1.

Under Texas law, courts determine the reasonableness and necessity of attorney's fees by considering several factors.  *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).  Those factors include: (1) time, labor, and skill required, (2) the attorney's workload, (3) locality rates, (4) results obtained, (5) time limitations, (6) relationship with the client, (7) experience and reputation, and (8) fee structure.  *Id.*

This dispute involved a reconstruction project on an expedited timeframe, and required extensive discovery and trial preparation.  The

---

[1] *See* ECF No. 51 at 2.

[2] The ESA provides: "Customer shall pay an administrative service charge of 5% on all invoices not paid within the same 30-day period."  ECF No. 13-2 at 1.

[3] The ESA provides: "Interest shall accrue at the rate of 10% per year for all invoices not paid within 30 days from date of invoice."  ECF No. 13-2 at 1.

[4] Interest on the principal amount is about $120.52 per diem.  The accrual period is from July 30, 2018 to May 15, 2026.  That is 2,846 days.

litigation spanned nearly a decade in state and federal court. Joseph Garnett was counsel to RMC. Garnett and his associates obtained a successful result on the billing dispute. RMC argues that the billable rates are reasonable and necessary in this matter. The billable rates range from $210 per hour to $550 per hour. Heritage did not offer any argument or evidence to suggest that the requested attorney's fee rates are unreasonable. The Court finds that the hourly rates charged by Mr. Garnett and his firms are reasonable considering the local market rates and counsel's experience.

"When a plaintiff seeks to recover attorney's fees where at least one claim supports an award of attorney's fees and at least one does not, segregation is required unless the claims arise out of the same transaction and are so interrelated that the award or denial depends on the same facts." *Cammack the Cook, LLC v. Eastburn*, 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009).

Here, RMC may recover reasonable attorney's fees incurred in connection with the ESA dispute, but cannot recover fees incurred in connection with the reconstruction dispute governed by the Time & Materials Agreement.

The billing records do not segregate legal work performed under each respective contract. Mr. Garnett suggests that 70% of the legal work performed relates to the ESA dispute. The Court disagrees. The sole issue in the ESA dispute was whether RMC properly billed third party labor. RMC prevailed on that issue. Heritage Hotels LLC did not allege that RMC's performance was untimely or unsatisfactory.

Conversely, the T&M Agreement dispute was more complex. It involved a different set of facts and claims. While it involved a similar billing dispute under the ESA, a substantial portion of trial was devoted to whether construction delays were attributable to RMC or Heritage, whether RMC materially breached the T&M Agreement, justifying Heritage's termination for cause, and the reasonable cost to complete RMC's scope of work of the Lighthouse Inn Project.

The Court finds that the work between the two contracts is not so intercorrelated as to render segregation impossible.

RMC's proposed allocation of 70% of its attorney's fees to the ESA is unsupported by the record. Upon review of the billing records, the complexity of the claims, and evidence presented at trial, the Court finds that a reasonable allocation of attorney's fees is 25% to the ESA and 75% to the T&M Agreement.

RMC is awarded $199,338.73 in reasonable and necessary attorney's fees and costs.

RMC also seeks $18,215.89 in "Litigation costs paid by client directly to vendors" in its post-hearing statement of damages. ECF No. 69-1. This cost was not presented to the Court at the fee hearing on March 30, 2026. It was not introduced as evidence. This cost is disallowed.

RMC is entitled to recovery of $1,004,227.27 under the ESA.

## II.   TIME & MATERIALS AGREEMENT

Heritage was the prevailing party in the reconstruction dispute governed by the T&M Agreement. Heritage is awarded $207,193.88 in actual damages (including prejudgment interest), and $665,066.11 in attorney's fees and costs for total recovery of $872,259.99.

The Court found that Heritage is entitled to actual damages, before pre-judgment interest, in the amount of $138,022.11. ECF No. 51 at 2. Heritage seeks to apply a pre-judgment interest rate of 8.25%. ECF No. 71-1 at 2. Under Texas law, when the contract does not specify an interest rate, courts calculate prejudgment interest using § 304.003 of the Texas Finance Code. *Sima v. Mountain Vista Builders*, 544 S.W.3d 504, 514 (Tex. App.—El Paso 2018). Section 304.003(c) provides that post-judgment interest, and therefore pre-judgment interest, is:

- The prime rate as published by the Board of Governors of the Federal Reserve System on the date of the computation;

- Five percent a year if the prime rate as published by the Board of Governors of the Federal Serve System described by Subdivision (1) is less than five percent; or

- 15 percent a year if the prime rate as published by the Board of Governors of the Federal Research System described by Subdivision (1) is more than 15 percent.

On the date of computation (May 8, 2026), the prime rate is 6.75%. Thus, the actual damages amount is subject to a prejudgment interest rate of 6.75%. Prejudgment interest accrued from December 13, 2018 until May 15, 2026. ECF No. 59. That is 2,710 days. Gross actual damages, including pre-judgment interest, total $207,193.88.

### A.    Attorney's Fees and Costs

Heritage's total attorney's fees incurred in this litigation are alleged to be $728,231.65. Heritage seeks $521,005.70 in attorney's fees that it alleges is allocable to the T&M dispute. ECF No. 59 at 21. A portion of the attorney's fees relates to resolving a foreclosure dispute with Southside Bank, Heritage's lender. Heritage seeks recovery of those fees. RMC disputes that those fees are recoverable. The T&M Contract provides:

> "In the event **any legal action or other necessary actions** are pursued **in order to interpret or enforce the terms of this Agreement**, the prevailing party shall be entitled to recover reasonable attorneys' fees and any other costs thereby incurred."

ECF No. 13-7 at 4 (emphasis added).

This broad language provides recovery of fees for efforts outside of this proceeding if such actions were "necessary . . . to interpret or enforce the terms of this Agreement." It does not provide for fee recovery for work that is merely consequential or collateral to the dispute.

Here, RMC recorded a mechanic's lien to secure amounts allegedly owed by Heritage under both contracts. ECF No. 59 at 5. The recordation of the lien triggered Southside Bank's efforts to foreclose on

6 / 10

its $2.4 million construction note secured by a lien on the Inn.  ECF No. 1-1 at 35–38.  Heritage undertook efforts to prevent foreclosure by negotiating forbearance and seeking loan modification.  Those efforts did not involve interpretation or enforcement of the T&M Agreement. Fees incurred in connection with the Southside Bank dispute do not fall under the recoverable fees clause.

The Court finds that $9,118.00 in attorney's fees incurred in connection with the Southside Bank dispute are not recoverable under the T&M Contract.  Heritage also deducts the following amounts from the fee award:

- $33,416.00 of attorneys' fees billed for a defective work claim that settled in 2023.  ECF No. 59 at 19.

- $61,535.70 of attorneys' fees billed for disputes related to third party contractors.  ECF No. 59 at 19.

Those amounts are properly excluded from consideration  of the correct fee award.  The leaves  $624,161.95 to be allocated between the ESA dispute and the T&M dispute.

Heritage asserts that a 12% reduction in fees would properly account for work that was done in connection with the ESA dispute.  As discussed above, the Court finds that a reasonable allocation is 25% to the ESA and 75% to the T&M Agreement.  Heritage's attorney's fee award, after deduction of the amounts above, is reduced by 25% to potentially recoverable fees of $468,121.46.

Considering the *Arthur Andersen* factors, the Court finds that Heritage's attorney's fees are reasonable and necessary.  This case has been in litigation for nearly a decade.  Gregory Weinstein and his associates have obtained a good result for Heritage.  Mr. Weinstein successfully obtained a  finding that RMC materially breached the T&M Agreement and that Heritage's termination was proper.  Heritage was able to recover the reasonable cost to complete RMC's scope of work under the agreement.  The rates charged by the attorneys in this case

are reasonable considering the local market rates and the experience of the firm.

Heritage is awarded attorney's fees in the amount of $468,121.46.

Heritage also seeks recovery of costs in the total amount of $205,148.12. That amount includes expert witness fees in the amount of $172,394.25.  ECF No. 59 at 24.  Under Texas law, recoverable costs include: (1) fees of the clerk and services fees due the county; (2) transcript fees, (3) appointment or masters, interpreters, and guardians, and (4) other costs under applicable statute.  TEX. CIV. PRAC. & REM. CODE § 31.007(b).  "Expert witness fees are generally not recoverable as costs, because they are incidental expenses in preparation for trial."  *In re Slanker*, 365 S.W.3d 718, 719–20 (Tex. App.—Texarkana 2012).

But Texas courts recognize that recovery of expert witness fees may be provided for in a contract allowing for the recovery of "costs." *See Virtuolotry, LLC v. Westwood Motorcars, LLC*, No. 05-19-01055-CV, 2024 WL 4211328, at *14 (Tex. App.—Dallas  Sept. 17, 2024) (holding that the "trial court did not abuse its discretion by impliedly finding the expert fees were allowed under the contractual provision allowing the prevailing party to recover costs of litigation."); *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 527 (Tex. App.—Dallas 2020). Awarding costs is a matter of trial court discretion.  *Jesperson v. Sweetwater Ranch Apartments*, 290 S.W.3d 644, 662 (Tex. App.—Dallas 2012).

The T&M Agreement permits recovery of "any other costs thereby incurred" in connection to interpreting and enforcing the terms of the agreement.  RMC does not dispute that expert fees are not recoverable. Here, Spire Consulting Group provided services and expert testimony in ascertaining the cost to complete RMC's scope of work under the T&M Agreement.  Those services were critical because Heritage prevailed on the issue of terminating the T&M Agreement for cause, enabling it to recover the reasonable cost to complete.  Heritage requests $92,668.13 for Spire's services.  ECF No. 59 at 24.  The Court awards that amount.

Heritage also seeks recovery of expert fees for J.S. Held LLC in the amount of $79,726.12.  ECF No. 59 at 24.  That amount accounts for services J.S. Held provided in connection to the subcontractor billing dispute under the T&M Agreement.  ECF No. 59 at 24 n.2.  Although Heritage did not prevail on that issue, Heritage is the prevailing party under the T&M Agreement.  The Court awards $79,726.12 in connection to J.S. Held's services.

Heritage requests $32,733.87 in court costs and document management services.   ECF No. 59 at 24.   The Court cannot meaningfully segregate those costs to each contract.   The Court, therefore, applies a 25% reduction to account for costs related to the ESA dispute.

Heritage is awarded $665,066.11 in attorney's fees and costs under the T&M Agreement.

A breakdown is as follows:

9 / 10

| | |
|---|---|
| Gross attorney's fees billed | $728,231.65 |
| Fees related to Southside Bank dispute | ($9,118.00) |
| Deduction for fees related to non-party contractors | ($61,535.70) |
| Deduction of fees related to settled claim | ($33,416.00) |
| 25% Reduction for fees attributable to the ESA | ($156,040.49) |
| Spire Consulting Group Expert Fees | $92,668.13 |
| J.S. Held Expert Fees | $79,726.12 |
| Court Costs and Document Management Services (25% reduction applied) | $24,550.40 |
| **Net Recoverable Attorney's Fees and Costs** | $665,066.11 |

Under the T&M Agreement, Heritage is awarded recovery of $872,259.99.

After offsetting RMC's recovery under the ESA ($1,004,227.27) against Heritage's recovery under the T&M Agreement ($872,259.99), RMC is entitled to $131,967.28 judgment

## CONCLUSION

A separate judgment will be entered.

SIGNED 05/15/2026

_____
Marvin Isgur
United States Bankruptcy Judge